FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2011 OCT 20  PM 2: 08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CR3018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| ROBERT FAST, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, ROBERT FAST, with the advice and consent of Michael J. Hansen, counsel for defendant, as follows:

## I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2252A(a)(2) and (b). Defendant further admits the forfeiture allegation(s) as set forth in the Indictment.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.    The United States will move to dismiss Count II at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

The crime of receipt and distribution of child pornography, as charged in Count I of the Indictment, has three elements, which are:

1.    that on or about dates set forth the defendant knowingly received and distributed one or more items, that contained visual depiction(s) of child pornography;

2.      that the defendant knew that the visual depiction(s) were of a minor engaging in sexually explicit conduct; and

3.      that the material containing the visual depiction(s) were produced using materials that had been mailed, shipped, transported by computer in interstate or foreign commerce, or by means or facility of interstate or foreign commerce.

B.      ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1.      That on or about October 6, 2010, during an undercover operation, Investigators of the Lincoln Police Department were able to access visual depictions of minors engaged in sexually explicit conduct from computers utilizing file sharing software publically available on the Internet through the Gnutella Network. Using computer programs, the investigator was able to identify the Internet Protocol address for the computer sharing the images of child pornography. The Internet Service provider indicated that the IP address was assigned to the residence of the Defendant in Lincoln, Nebraska. The Lincoln Police Department executed a search warrant at the residence of the Defendant on November 17, 2010. The warrant authorized a search of computers and electronic media containing visual depictions of child pornography. LPD investigators found the computers listed in Forfeiture allegation of the Indictment in the residence. Examination of the computers revealed over 26 digital images and 23 videos of minors engaged in sexually explicit conduct saved on the computer. There were images of child pornography involving prepubescent children. A number of the images were verified to be known minors from outside the state of Nebraska. Fast was interviewed and admitted that he had downloaded child pornography through the Limewire program.

### III

### PENALTIES

A.      COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.      A maximum 20 years in prison; and a mandatory minimum of 5 years;

2.      A maximum $250,000 fine;

2

   3.  A mandatory special assessment of $100 per count; and

   4.  A term of supervised release of at least 5 years and up to life.

Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

   5.  Possible ineligibility for certain Federal benefits.

IV

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
DISTRICT OF NEBRASKA**

   This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

V

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS.

   Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable).  Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

   1.  The parties agree that the defendant's base offense level under U.S.S. G. § 2G2.2 is 22.

   2.  The parties agree that the defendant should receive a two offense level increase for material involving prepubescent minors who had not attained the age of 12, pursuant U.S.S.G. § 2G2.2(b)(2).

   3.  The parties agree that the defendant should receive a 2 offense level increase for distribution other than distribution described in Subdivisions (A) through (E), pursuant U.S.S.G. § 2G2.2(b)(3)(F).

   4.  The parties agree that the defendant should receive a four offense level increase

3

for material that portrays sadistic or masochistic conduct or other depictions of violence, pursuant U.S.S.G. § 2G2.2(b)(4).

5.      The parties agree that the defendant should receive a two offense level increase for use of a computer in accessing the material, pursuant U.S.S.G. § 2G2.2(b)(6).

6.      The parties agree that the defendant should receive a five offense level increase for the offense involving more than 600 images, pursuant U.S.S.G. § 2G2.2(b)(7)(D).

7.      If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

8.      The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all victims, not just those pertaining to the count of conviction. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.      ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the government will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.      Fails to admit a complete factual basis for the plea at the time it is entered, or

2.      Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3.      Fails to appear in court, or

4.      Engages in additional criminal conduct, or

4

5.      Attempts to withdraw the plea, or

6.      Refuses to abide by any lawful court order, or

7.      Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.      ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553, and that the government may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section VI, paragraph A above.

D.      CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.      "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.      STIPULATED REMOVAL.

5

4:11-cr-03018-RGK -CRZ   Doc # 41   Filed: 10/20/11   Page 6 of 9 - Page ID # 435

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

VI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, ~~including any restitution order in this case~~, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed. *The parties agree that Defendant may appeal any order of restitution imposed by the Court.*

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(c) If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

VII

6

**BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

**VIII**

**SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's

7

plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

    F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

IX

**MODIFICATION OF AGREEMENT MUST BE IN WRITING**

    This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

    By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

8

## XI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

7-13-11
Date

STEVEN A. RUSSELL
Assistant U.S. Attorney

7-12-11
Date

ROBERT EAST
DEFENDANT

7-12-11
Date

MICHAEL J. HANSEN
Assistant Federal Public Defender
ATTORNEY FOR DEFENDANT

9