IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:11CR3018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT M. FAST, | ) | |
| | ) | |
| Defendant. | ) | |

Based upon the appellate concession of the government that I erred when awarding restitution in this child pornography case, the Court of Appeals remanded this case for me to determine again whether "Vicky"[1] is entitled to restitution as a result of the defendant's receipt of a video showing her molestation.[2] It appears that the Court of Appeals may have accepted the proposition that any award of restitution under 18 U.S.C. § 2259 must be based upon a finding of proximate cause. Even if that is not true and the Court of Appeals intended to leave that question for my determination on remand, I now independently conclude, based upon the overwhelming weight of authority, that proximate cause is required for each element of restitution under 18 U.S.C. § 2259. My earlier contrary conclusion was erroneous.

---

[1]Today, I denied "Vicky" leave to intervene because her request was untimely. Her motion arrived in Omaha this morning. I only became aware of the motion because counsel for the parties had copies they received earlier today and they brought this matter to my attention. Evidently, a letter addressed to me with a motion and briefs had been mailed to the Omaha courthouse rather than to my chambers in Lincoln or to the Clerk's office in Lincoln. Even had the motion been timely, I doubt whether "Vicky" has the legal right to intervene in a criminal case. That said, "Vicky" and her counsel have been given every reasonable opportunity to be heard and to provide evidence of her damages and they have done so.

[2]Since there is no dispute, I trust that there is no need to recite the horrors suffered by "Vicky." If ever there was a "victim" within the meaning of 18 U.S.C. § 2259(c), "Vicky" is that person.

After reading the extensive briefing, hearing the arguments of counsel, and considering the detailed evidence, I find and conclude beyond a reasonable doubt that "Vicky" is entitled to restitution in the sum of $3,333 because Robert M. Fast ("Fast") proximately caused injury to "Vicky" and "Vicky" suffered that amount of damage as a direct and proximate result of Fast's actions.³  In coming to this decision, I have relied upon and followed *United States v. Burgess*, --- F.3d ----, 2012 WL 2821069, at \*9-13 (4th Cir. July 11, 2012) (holding in a child pornography possession and receipt case involving the "Vicky" series that (1) proximate cause exists when the wrongful conduct of multiple actors has combined to bring about harm, even if the harm suffered by the victim might be the same if one of the wrongdoers had not committed the tort; (2) the amount of loss attributable to "Vicki's" exploitation is dependent at least in part on the role that the defendant played in "Vicky's" exploitation; and (3) joint and several liability should not be imposed in the typical "Vicky" case because individual instances of exploitation are separate injuries and the defendant is only responsible for losses sustained by "Vicky" that the defendant proximately caused).

My award of restitution is comprised of (1) $2,500 for medical and psychiatric care, occupational therapy, and lost income under 18 U.S.C. § 2259(b)(3)(A), (B) & (D); and (2) attorney fees and costs under 28 U.S.C. § 2259(b)(3)(E) of $833 (equivalent to one-third of $2,500).  The award of restitution will be assessed only against Fast.  He will have no liability for the damages caused by other persons who have participated in "Vicky's" exploitation.

I have *not* awarded restitution for damages suffered by "Vicky" prior to June 25, 2010, the earliest date we have that Fast began committing the offense of conviction.  Furthermore, "Vicky's" damages for medical and psychiatric care, occupational therapy, lost income, attorney fees, and expenses from and after June 25, 2010, far exceed the amount of restitution that I have ordered.  In addition, this award

---

³"Vicky's" total aggregate actual damages caused by the numerous individuals who have reveled in her molestation exceed one million dollars.

of restitution is well below the Guidelines' fine range ($17,500 to $175,000) and it is also worth noting that I did not impose a fine.

With the foregoing in mind, I briefly elaborate more fully on the issue of proximate cause. Starting with first principles, the determination of whether "proximate cause" exists is ultimately an exercise in reasoned judgment derived from all the facts and circumstances and viewed from the perspective of the mythical reasonable person.

Using the LimeWire program and the Gnutella network, Fast downloaded child pornography starting as early as June 25, 2010, and law enforcement agents were able to access some of that pornography over the Internet. Some of the pornography on Fast's computer included the "Vicky series." There is no evidence that Fast redistributed the "Vicky series,"[4] but Fast could have easily done so. In short, Fast, like many others who are found guilty of receipt of child pornography, used a computer and a file sharing program to latch on to the "Vicky series" via his interactive path to the Internet.

While Fast directly participated in the further exploitation of "Vicky" by obtaining images of her degradation at a time when he knowingly acquired the demonstrated capacity to redistribute those images throughout the world, his behavior

---

[4]Fast also asserts that there is no evidence that he even viewed this material. Such an argument is too clever. Sure, no law enforcement officer was looking over his shoulder as he compiled his collection. However, the absence of such evidence hardly establishes that Fast did not view "Vicky's" degradation. Indeed, it is far more realistic to believe that Fast viewed what he collected. But even assuming that Fast did not actually view this material, my decision would be precisely the same. A reasonable person standing in the shoes of the offender would foresee that victims who are pictured in *any* of the offender's pornography collection would be tormented by the offender's participation in the "market" even if the offender did not actually look at a particular image.

played only a small, albeit direct, part in her victimization. Indeed, I do not suggest that Fast had the subjective intent to harm "Vicky." But, by downloading the "Vicky series" and by having the capacity to make that bilge available to others over the Internet, Fast personally and actually harmed "Vicky," as the evidence graphically proves. Essentially, Fast directly contributed to "Vicky's" continuing and well founded terror.

"Vicky's" torment at the hands of Fast and those like him is somewhat like enduring torture by a thousand tiny cuts. It matters not to the victim that she cannot see who is inflicting each little wound. It also does not matter to the victim that each cut is exquisitely small. The victim knows she is being cut apart bit by bit. Reasonably, she fears that she will succumb unless the minute slicing stops. Having inflicted one of those tiny cuts and directly caused the resulting fear, Fast must now pay for the terror he condemned "Vicky" to suffer.[5]

While quantifying the harm Fast caused "Vicky" is not easy, and requires some reasonable estimation, there is no doubt–and certainly no reasonable doubt–that Fast harmed "Vicky" in a direct, concrete, and compensable way. In other words, I find and conclude beyond a reasonable doubt that Fast proximately caused harm to "Vicky" that directly resulted in compensable injury and damage to her in the sum of $3,333. Finding no reason to "gild the lily,"

IT IS ORDERED that an amended judgment shall be issued in accordance with this Memorandum and Order.

July 13, 2012.                                    BY THE COURT:
                                                  *Richard G. Kopf*
                                                  Senior United States District Judge

---

[5]Applying conventional proximate cause principles, Fast takes the victim as he found her.